UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERENCE N. GLENN, </br></br>　　　Plaintiff, </br></br>　　　v. </br></br> DOORDASH, et al., </br></br>　　　Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 25-13769-BEM </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**MEMORANDUM AND ORDER**

**MURPHY, J.**

On December 8, 2025, Terence N. Glenn, a resident of Revere, Massachusetts, filed a *pro se* complaint, an emergency motion, and an application to proceed in district court without prepaying fees or costs (also referred to as a motion or application for leave to proceed *in forma pauperis*). Dkts. 1-3. On December 10, 2025, Glenn filed a final emergency motion, a notice of filing of key evidence, and a master list of defendants. Dkts. 7-9.

For the reasons stated below, the Court will ALLOW the motion for leave to proceed *in forma pauperis* and DENY the emergency and final emergency motions. If Glenn wishes to proceed with this action, the Court grants him time to file an amended complaint that sets forth a basis for this Court's jurisdiction and a plausible claim upon which relief may be granted.

**I.　　BACKGROUND**

Plaintiff's complaint uses the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts. Dkt. 1. The case caption identifies the defendants as "Cohen Milstein & 22 gig economy apps." *Id.* (case caption). In the body of the

1

complaint, the defendants are Doordash, Jet Blue, T Mobile, Go Puff, Home Glow, Postmates, Uber Driver, Work While, Cleanster, Lyft, Metrobi, Amazon Flex, Poplin Laundry, Rinse, Tetc, Roadie, Veho, Uber Eats, and Grubhub. *Id.* ¶ I(B). Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 1331 by checking the box for federal question. *Id.* ¶ II(A). According to Glenn, his rights under the Americans With Disabilities Act were violated and "subsequent retaliation was a collective action undertaken by the net worth [of] all 22 defendant companies." *Id.* ¶ III. For relief, Glenn seeks "[f]ull pay, cost of damage, credit repair [and his] account back." *Id.* ¶ IV.

Attached to the complaint are 12 unsigned statements, affidavits, and a declaration. Dkt. 1-4. As best can be gleaned from these documents, Glenn suffered a traumatic brain injury and sought legal protection from defendant companies. *Id.* at 3. He explains that he is incapable of preparing for an upcoming trial and is forced to prepare himself due to the actions of his former counsel, Cohen Milstein. *Id.* at 4.

## II.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of the motion for leave to proceed *in forma pauperis*, Dkt. 3, the Court concludes that Plaintiff has adequately demonstrated he is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

## III.   MOTIONS FOR INJUNCTIVE RELIEF

In his emergency motion, Dkt. 2, Glenn seeks to have this federal court assign counsel and order a continuance of his arraignment in *Commonwealth v. Glenn*, No. 2510CR000951 (Sommerville Dist. Ct.) scheduled for the following day, December 9, 2025. Dkt. 2. Two days later, on December 10, 2025, Glenn filed a final emergency motion that seeks, among other things, appointment of pro bono counsel, an order compelling one of the defendants to immediately transfer funds to Glenn to cover certain expenses, and a TRO hearing. Dkt. 7. Glenn avers that

"[t]his action is required to prevent the Defendants' alleged conspiracy from causing the death or permanent injury of the Plaintiff." *Id.* at 1. Although not clear, it appears that Glenn seeks the recusal of the undersigned and the appointment of a new judge. *Id.*

The Court must deny the emergency motions because a ruling by this federal court would directly interfere with a pending state action. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). "As early as 1793, Congress manifested its understanding and intention that the state courts be allowed to conduct state proceedings free from interference by the federal courts, when it prohibited the federal courts from issuing injunctions to stay proceedings in state court" the current version of which is at 28 U.S.C. § 2283. *In re Justices of Superior Ct. Dep't of Mass. Trial Ct.*, 218 F.3d 11, 16 (1st Cir. 2000). "This congressional policy, subject to only a few exceptions, has remained essentially unaltered to this day, and is reflected in the federal courts' own policies." *Id.* (citations omitted).

The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Court from providing the relief Glenn seeks. This statute provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The statute "is a necessary concomitant of the [decision of the Framers of the Constitution] to authorize, and Congress' decision to implement, a dual system of federal and state courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988)). The Anti-Injunction Act's "core message is one of respect for state courts," and it

3

"commands that those tribunals 'shall remain free from interference by federal courts.'" *Id.* (quoting *Atl. Coast Line*, 398 U.S. at 282).

Finally, to the extent Glenn seeks recusal of the undersigned, he has not identified circumstances that warrant recusal under the applicable legal standard. Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In evaluating a request for recusal under this provision, a judge must ask if a reasonable member of the public, "fully informed of all the relevant facts, would fairly question the trial judge's impartiality." *In re United States*, 158 F.3d 26, 31 (1st Cir. 1998).

## IV. PRELIMINARY SCREENING

The complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2) because Glenn is proceeding *in forma pauperis*. Section 1915 authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In addition to the statutory screening requirements under § 1915, the Court may also consider jurisdictional matters *sua sponte*. *See Riley v. Bondi*, 606 U.S. —, 145 S.Ct. 2190, 2201 (2025) ("A federal court must always satisfy itself that it has jurisdiction.").

To state a claim upon which relief may be granted, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'The fundamental purpose'" of this pleading rule "'is to protect a defendant's . . . right to know in advance the nature of the cause of action being asserted against him.'" *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)). The claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The complaint must contain

"enough detail to provide a defendant with fair notice of what the . . . claim is and the grounds upon which it rests." *Silverstrand Invs. v. AMAG Pharm., Inc.*, 707 F.3d 95, 101 (1st Cir. 2013) (quoting *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011)).

When examining the sufficiency of the pleadings, the Court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In assessing the sufficiency of the complaint, "an inquiring court must first separate wheat from chaff; that is, the court must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Guadalupe-Baez v. Pesquera*, 819 F.3d 509, 514 (1st Cir. 2016) (citing *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). The Court must then determine "whether the well-pleaded facts, taken in their entirety, permit 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (citations omitted).

In conducting this review, the Court liberally construes the complaint because Glenn is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## V. DISCUSSION

The allegations in the complaint are insufficient to state a claim upon which relief may be granted. As defendants, Glenn identifies a law firm and almost a dozen private companies. However, the sparse factual allegations in the complaint fail to meet the pleading requirements of Rule 8. Although some facts are found in the documents attached to the complaint, the factual

5

allegations are not pleaded in a manner such that defendants can reasonably respond. In addition, the complaint fails to state what claim is asserted against which particular defendant and why.

If Glen wishes to proceed, the Court will allow him to file an amended complaint on or before January 5, 2026. Any amended complaint must comply with the pleading requirements outlined in the Federal Rules of Civil Procedure. An amended complaint shall: (1) provide a jurisdictional basis for the claims in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure; (2) include a demand for judgment for the relief sought as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; and (3) fully describe the incidents as well as each defendant's conduct.

## VI.  CONCLUSION

Accordingly, it is hereby ORDERED that

1. The motion (Dkt. 3) for leave to proceed *in forma pauperis* is ALLOWED.

2. The emergency motion (Dkt. 2) and final emergency motion (Dkt. 7) are DENIED.

3. If Plaintiff wishes to proceed in this matter, he must file an amended complaint stating a basis for this Court's jurisdiction and setting forth a plausible claim upon which relief may be granted. Failure to file an amended complaint on or before January 5, 2026, will result in dismissal of this action.

**So Ordered.**

Dated: December 12, 2025

/s/ Brian E. Murphy  
Brian E. Murphy  
Judge, United States District Court